IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SHANNON D. MARSHALL,     §
TDCJ-ID #10007893,         §
         Petitioner,       §
                        §
v.                        §          CIVIL ACTION NO. H-03-3894
                        §
DOUGLAS DRETKE, Director,   §
Texas Department of Criminal Justice, §
Correctional Institutions Division,   §
         Respondent.      §

## MEMORANDUM OPINION AND ORDER

Shannon D. Marshall, an inmate incarcerated in the Texas Department of Criminal

Justice, Correctional Institutions Division (TDCJ), proceeding *pro se*, filed an original and

supplemental petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Docket Entries

No. 1, 7.) Respondent has submitted a motion for summary judgment, to which petitioner

has filed a response and cross-motion for partial summary judgment. (Docket Entries No.

17, 21.) Petitioner has also filed a motion for discovery. (Docket Entry No. 20.)

Based on consideration of the pleadings, the motions, the response, the relevant state

court records, and the applicable law, the Court DENIES petitioner's motions, GRANTS

respondent's motion for summary judgment, and DISMISSES this case.

## I.     BACKGROUND AND PROCEDURAL HISTORY

Petitioner was found guilty of murder and sentenced to thirty-five years

incarceration. The conviction was affirmed on appeal. *Marshall v. State*, No. 01-00-01298-

CR (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ( not designated for publication).

His petition for discretionary review was denied. *Marshall v. State*, PDR No. 1458-02.

Petitioner's application for state habeas relief was denied by the Texas Court of Criminal

Appeals without a written order on findings of the trial court without a hearing. *Ex parte*

*Marshall*, Application No. 56,541-01, at cover.

Petitioner raises the following grounds for relief, which have been grouped and

renumbered for clarity and efficiency:

(1)     insufficiency of the evidence;

(2)     counsel was ineffective in failing to investigate and interview petitioner's
co-defendant;

(3)     the state courts failed to hold an evidentiary hearing;

(4)     the trial court erred in admitting hearsay statements made during police
interrogation;

(5)     the trial court erred in denying a mistrial based on:

(a)     the prosecution's disclosure that petitioner was incarcerated;

(b)     a witnesses's statement that after he testified against petitioner
and returned to his holding cell, his throat would be cut; and

(6)     the trial court failed to suppress petitioner's out-of-court confession.

Respondent argues that petitioner's habeas claims fail as a matter of law.

## II.   **STATEMENT OF FACTS**

The state court of appeals set forth the following statement of facts in its opinion:

On January 19, 2000, [petitioner] and his friend, Josh Ciruti, went to Rick
Trifilio's house.  Trifilio's parents heard a gunshot in their garage around

2

10:00 p.m.  The Trifilios went to their garage and found their son lying in a pool of blood.  They called the police.  Trifilio died of a shotgun wound to the neck.

After talking with Trifilio's parents, the police officers suspected Josh Ciruti and his girlfriend Shalinda Hartwell.  The officers took a statement from Hartwell, who told the them that Ciruti and his friend, [petitioner], had been involved in the shooting.  On January 21, 2000, the officers went to Ciruti's grandfather's house and found him hiding behind a shed.  The officers arrested Ciruti.

On January 24, 2000, the police arrested [petitioner].  The officers advised [petitioner] of his rights, and, initially, [he] agreed to speak to them.  During his talk with the officers, [petitioner] changed his mind and requested an attorney.  At that point, the officers ended their interview and transferred [petitioner] to jail.

On January 27, 2000, [petitioner's] father contacted Detective Alonzo Craft and told him that [petitioner] wanted to speak to him.  [Petitioner] waived his statutory rights to an attorney and told Craft what happened on the night of Trifilio's murder.  [Petitioner] told Craft that he and Ciruti got a ride and were dropped off behind Trifilio's house.  Ciruti and [petitioner] were carrying a .22 caliber rifle and a shotgun.  Ciruti and [petitioner] climbed over Trifilio's fence just as Trifilio was pulling into his driveway.  [Petitioner] told Craft that Ciruti was carrying the shotgun as he approached Trifilio, and Trifilio asked Ciruti what was going on.  Ciruti then shot Trifilio, and [petitioner] grabbed a .45 caliber pistol from Trifilio and Ciruti took his wallet.  Craft asked [petitioner] if he had gone to Trifilio's house for money and guns, and he responded affirmatively.  [Petitioner] told Craft that he saw Ciruti throw Trifilio's wallet under Ciruti's house.  While making his confession to the officer, [petitioner] drew a map of where they could find Trifilio's wallet.  After [petitioner] gave his statement, the officers went to Ciruti's house and found Trifilio's wallet.  [Petitioner] was charged with and tried for capital murder.

*Ex parte Marshall*, pp. 78-79.

III.   **NON-DISPOSITIVE MOTIONS**

The Court will first address the pending non-dispositive motions in this case.

3

**A.     Motion for Discovery**

Petitioner requests discovery of all "exculpatory evidence," and copies of all state records "pertaining to the issue of guilt, innocence, or punishment which lead to Petitioner's sentencing." He also requests an evidentiary hearing. (Docket Entry No. 20.)

When the pleadings demonstrate a factual dispute, that, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded him a full and fair evidentiary hearing, a federal habeas petitioner is entitled to discovery and an evidentiary hearing. *See Hughes v. Johnson*, 191 F.3d 607 (5th Cir. 1999). The AEDPA raised the standards for obtaining relief on claims governed by 28 U .S.C. § 2254(d) so that the allegations in the petition must be sufficient to demonstrate that this higher standard can be met before an evidentiary hearing is warranted. The AEDPA further restricts the availability of an evidentiary hearing when the habeas petitioner has failed to develop the factual basis of the claim in the state court proceedings. 28 U.S.C. § 2254(e)(2). Each of these requirements imposes limits on the power of district courts to grant evidentiary hearings or relief in habeas corpus proceedings.

Moreover, Rule 6(a) of the Rules Governing 2254 Cases provides that either party may invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise. "Good cause" for discovery is determined from an examination of petitioner's pleadings, and may be found when a petition for habeas

4

corpus relief establishes a prima facie claim for relief. Additionally, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000).

The record shows that petitioner was given a full and fair opportunity to conduct discovery and to present the state habeas court with documentary and testimonial evidence during his state habeas corpus proceeding. A "full and fair hearing" does not necessarily require live testimony. *Clark v. Johnson*, 202 F.3d 760, 766 (5th Cir. 2000). Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state court records, neither discovery nor an evidentiary hearing appears warranted. Accordingly, petitioner's motion for discovery and an evidentiary hearing is DENIED.

**B.    Supplemental Motion**

A pleading entitled, "Supplemental Motion," appears in the record of this case. (Docket Entry No. 26). The motion requests that the Court allow petitioner to supplement his motion for partial summary judgment with attached exhibits. The Court notes that the motion is signed not by petitioner, but by a non-party, Tracey Murphy, who professes to be "ad litem for petitioner." Murphy is not a party in this habeas proceeding, does not claim to be a licensed attorney, and does represent petitioner in any official capacity in this lawsuit. As this motion is signed neither by petitioner nor by a duly licensed attorney acting on petitioner's behalf, it will not be considered by the Court. Regardless, the Court notes that the requested exhibits appear elsewhere in the record.

**C.     Non-Party Motion for Preliminary Injunction**

Tracey Murphy, as movant in his own name and acting on his own behalf, has also filed a motion and memorandum of law seeking a preliminary injunction against TDCJ employees for allegedly harassing and retaliating against him, and restricting his access to the law library.  (Docket Entries No. 30, 31.)  These allegations raise claims for civil rights violations and will not be considered in this habeas proceeding.  Murphy's motion and request for relief are DENIED, without prejudice to Murphy raising these claims in any separately-filed lawsuit.

**IV.     SUMMARY JUDGMENT MOTION**

**A.     Summary Judgment Standard of Review**

In deciding a motion for summary judgment, the court must determine whether the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The summary judgment movant bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  Once the movant presents a properly supported motion for summary judgment, the burden shifts to the non-moving party to show with significant probative evidence the

6

existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

All of the evidence must be construed in the light most favorable to the non-moving party without weighing the evidence, assessing its probative value, or resolving any factual disputes. *Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 181 (5th Cir. 1996). Factual controversies are resolved in favor of the non-movant only when there is an actual controversy—that is, when both parties have submitted evidence of contradictory facts. *Laughlin v. Olszewski*, 102 F.3d 190, 193 (5th Cir. 1996).

## B.   Habeas Corpus Petitions Under 28 U.S.C. § 2254

Petitioner's habeas corpus petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  AEDPA, codified as amended at 28 U.S.C. § 2254(d), significantly restricts the availability of habeas relief to state prisoners.

Under AEDPA, a federal writ of habeas corpus may not issue with respect to any claim that was adjudicated on the merits in state court unless the state court's determination of that claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. §§ 2254(d)(1), (2).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law

or if the state court decides a case differently than the Supreme Court has under materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

A decision is an unreasonable application of federal law if the state court identifies the correct governing legal principle, but unreasonably applies that principle to the facts of the inmate's case. *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Rather, a reversal is not required unless the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be unreasonable. *Id.* In that regard, factual findings of the state court are presumed to be correct under 28 U.S.C. § 2254(e)(1), and federal courts must defer to them unless they were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).

## V.   **INSUFFICIENCY OF THE EVIDENCE**

Petitioner complains that the evidence is insufficient to support the murder conviction. Petitioner did not raise this issue on direct appeal. In rejecting petitioner's insufficiency claim on collateral review, the state court found that his complaint was not cognizable in post-conviction habeas proceedings. *Ex parte Marshall*, p. 58. Petitioner's argument was rejected under state procedural grounds, not on federal constitutional grounds. As failure to preserve error is an adequate and independent state procedural ground, petitioner's federal claim has been procedurally defaulted and will not be considered unless petitioner can demonstrate cause and prejudice or a miscarriage of justice. *See Coleman v. Thompson*, 501

8

U.S. 722, 750 (1991); *Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994).  The record does not raise a genuine issue of material fact showing cause, prejudice, or a fundamental miscarriage of justice.  Accordingly, this issue is procedurally barred.

## VI.   <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  U.S. CONST. amend. VI.  A federal habeas petitioner's claim that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by his counsel and actual prejudice as a result of the deficient performance.  *Id*. at 687.  The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.  *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 688.  In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy.  *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996).  To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).  A mere error by counsel, even

if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland*, 466 U.S. at 687-90.

Actual prejudice is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the defendant of any substantive or procedural right to which he is entitled. *Id*. at 372.

Petitioner complains that counsel was ineffective in failing to investigate and interview his co-defendant, Josh Ciruti. Petitioner claims that Ciruti's testimony would have established his innocence through alibi. In support, petitioner offers only unsubstantiated arguments and conclusory allegations. Nothing in the record shows that trial counsel did not investigate Ciruti, or that the witness would have exonerated petitioner. Petitioner fails to establish what further investigation by counsel would have shown, and fails to show how Ciruti would have established petitioner's innocence via alibi. *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986).

Petitioner's argument was presented to and rejected by the state court on collateral review. The state court specifically found that petitioner "fail[ed] to show that counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's alleged deficient conduct, there is a reasonable probability that the result of the proceeding would

have been different." *Ex parte Marshall*, p. 58.  These findings by the state court were not in conflict with *Strickland* and were not unreasonable determinations of the facts in evidence. Petitioner fails to demonstrate that counsel was deficient and fails to show a reasonable probability that but for such deficiency, the result of his trial would have been different. Habeas relief is not merited under this argument.

## VII.   STATE COURT ERROR

Petitioner requests habeas relief based on the following alleged state court errors.

## A.   Failure to Hold an Evidentiary Hearing

Petitioner alleges that the state habeas courts were required to hold an evidentiary hearing to fully investigate and litigate his habeas claims.  (Docket Entry No. 2, p. 6.)  The record shows that the state court expressly found there were "no controverted, previously unresolved facts material to the legality of [petitioner's] confinement which require an evidentiary hearing."  *Ex parte Marshall*, p. 57.  The Texas Court of Criminal Appeals denied habeas relief based on the trial court's findings without a hearing. *Ex parte Marshall*, cover.

In *Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001), the Fifth Circuit held that "a full and fair hearing is not a prerequisite to the application of AEDPA's deferential framework."  Thus, petitioner's argument that the state court's factual findings are not entitled to deference due to an inadequate state court hearing process fails under *Valdez*, and AEDPA's presumption of correctness applies in this case.  Regardless, petitioner fails to

establish any controverted, previously unresolved facts material to his confinement which were unreasonably resolved by the state habeas courts.

To the extent petitioner claims that his right to due process was violated by the state courts' denials of an evidentiary hearing, such claim is without merit.  The Fifth Circuit has consistently held that a federal habeas petitioner is not entitled to relief based upon any claim that he was denied his due process rights during the state habeas process, including cases where the petitioners have claimed that they were entitled to relief because there was no evidentiary hearing held, the petitioner was not allowed to subpoena witnesses for an evidentiary hearing, or the state habeas court adopted the State's proposed findings of fact and conclusions of law shortly after they were filed.  *See, e.g., Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001).  In all such cases, the Fifth Circuit has held that a claim of an infirmity in the state habeas proceeding does not constitute a ground for relief in federal court.  Habeas relief is denied under this argument.

**B.    Admission of Hearsay Statements**

Petitioner next complains that the trial court erred in allowing into evidence Ciruti's hearsay statements made during a police interrogation.  (Docket Entry No. 7.)  This argument was presented to and rejected by the state court on direct appeal, which held as follows:

> Under his fifth point of error, [petitioner] argues that the trial court erred by allowing into evidence Josh Ciruti's hearsay statements made during a police interrogation.  [Petitioner] argues that the trial court improperly overruled his hearsay objections to Detective Craft's testimony.
>
> Detective Craft testified about the statement Josh Ciruti made during an interrogation.  Detective Craft testified that Ciruti told him that Ciruti and

12

[petitioner] had gone to the victim's house and Ciruti was the one who shot the victim accidentally with a shotgun. [Petitioner] took the stand and testified on his own behalf. [Petitioner] testified that he and Ciruti went to the victim's house and Ciruti accidentally shot the victim with a shotgun. Detective Craft's testimony and [petitioner's] testimony were the same, and [petitioner's] testimony was brought in voluntarily without objection. Therefore, [he] waived his earlier objection. If a defendant objects to the admission of evidence but the same evidence is subsequently introduced from another source without objection, the defendant waives his earlier objection. We overrule [petitioner's] fifth point of error.

*Ex parte Marshall*, p. 83 (citation omitted). Petitioner's claim was raised under state law and rejected under state procedural law, and did not present an issue based on federal law. The question before a federal habeas court is not whether the state court correctly applied its own interpretation of state law; rather, the question is whether the petitioner's federal constitutional rights were violated. This Court does not sit as a "super" state supreme court in a habeas corpus proceeding to review alleged errors under state law. *See Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1994). The state court's determination of this issue is not in conflict with established federal law, and is not an unreasonable determination of the facts in evidence. No issue of federal constitutional dimension is shown, and petitioner is not entitled to habeas relief under this ground.

**C.     Failure to Grant Mistrial**

Petitioner claims that the trial court should have granted his motion for mistrial after the prosecution asked petitioner a question regarding jail. This complaint was presented to and rejected by the state court on direct appeal, which held as follows:

Under his seventh point of error, [petitioner] argues that the trial court erred in denying his motion for mistrial after the prosecutor asked [him] on cross-

examination, '[W]hat time did they bring you all over here in the jail?" [Petitioner] objected as to the relevance and the judge sustained [his] objection. [Petitioner] then asked for an instruction to disregard and the judge granted the instruction. [Petitioner] moved for a mistrial and the judge denied the motion for mistrial.

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard. A mistrial is required only when the improper question is clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors. A trial court's denial of a mistrial is reviewed under an abuse of discretion standard.

In the present case, the judge gave the following instruction to disregard:

> I'm instructing you to disregard. . . the last question by the prosecutor. And I'm also giving you an instruction, which you will later get in writing, which is the fact that the defendant has been arrested, confined or indicted or otherwise charged with the offense, gives rise to no inference of guilt at his trial.

We find that the instruction to disregard was adequate and any error was cured by the instruction. The trial court did not abuse its discretion. We overrule [petitioner's] seventh point of error.

*Ex parte Marshall*, p. 85 (citations omitted).

Petitioner further argues that the trial court erred in denying a mistrial after witness Eddie Wayne Jeffrey testified he feared he would get his throat cut when he returned to his jail cell. This argument was also rejected by the state court on direct appeal, as follows:

> During the State's questioning of Jeffrey about his sworn statement he gave to the police, the following occurred:

14

> Q.  As you read over it, you've admitted to some confusion.
> Are you still confused about what you've said in there?
>
> A.  Some of it.  *Well, what that's going to do is, probably, get my throat cut when I get back to my tank.*

[Petitioner] objected to Jeffrey's answer as non-responsive, and the court sustained the objection.  The court then gave an instruction to the jury to disregard Jeffrey's answer.  In a conference outside the presence of the jury, the trial court told both the State and [petitioner's] counsel that it would give an instruction to disregard the statement and say nothing else about the statement.  The trial court informed both sides that they could clarify Jeffrey's comments if they wished.  [Petitioner's] counsel moved for a mistrial, and the trial court denied it.  [Petitioner's] counsel did not ask any questions as to the comments during cross-examination.  We find that the trial court's instruction to disregard was sufficient to cure any harm, and it did not abuse its discretion in overruling [petitioner's] motion for mistrial.

*Id.*, p. 87 (original emphasis; citations omitted).

A trial court's denial of a motion for mistrial justifies federal habeas corpus relief only if it was error so extreme that it constitutes a denial of fundamental fairness and due process. *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988).  In order to obtain relief, a petitioner must show that the trial court's error had a substantial and injurious effect or influence in determining the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619 (1993).  A petitioner must show that "there is more than a mere reasonable possibility that [the error] contributed to the verdict.  It must have had a substantial effect or influence in determining the verdict." *Woods v. Johnson*, 75 F.3d 1017, 1026 (5th Cir. 1996) (emphasis omitted).  Moreover, the denial of a request for mistrial is "clearly within the discretion of the trial judge and does not present a question of constitutional dimension." *Vessels v. Estelle*, 376 F. Supp. 1303, 1307 (S.D. Tex. 1973), *aff'd*, 494 F.2d 1295 (5th Cir. 1974).  Nor is the state court's determination

15

of this issue in conflict with established federal law, or an unreasonable determination of the facts in evidence.  For these reasons, the failure of the trial court to declare a mistrial entitles petitioner to no habeas relief.

**D.    Failure to Suppress Out-of-Court Confession**

In his memorandum of law, petitioner states under paragraph IV that "The state district court abused its discretion in permitting [petitioner's] involuntary oral confession." (Docket Entry No. 2, p. 2.)  Nowhere in these pleadings does it appear petitioner has presented any factual or legal analysis or argument in support for this proposition. Accordingly, the Court finds that petitioner has failed to brief this ground and the ground is waived.

Regardless, petitioner's argument was rejected  by the state court on direct appeal, which held as follows:

> Under his second, third, and fourth points of error, [petitioner] argues that the trial court erred by failing to suppress: (1) his oral confession following a *Jackson-Denno* hearing, (2) a map made during that confession, and (3) a wallet found as a result of that confession.  [Petitioner] argues that his oral confession was involuntary and coerced and the map and wallet were obtained as a result of the involuntary and coerced confession.

> '[A] defendant in a criminal case is deprived of due process of law if his conviction is founded, in whole or in part, upon an involuntary confession, without regard for the truth or falsity of the confession, and even though there is ample evidence aside from the confession to support the conviction.'  The defendant has a right to object to the use of the confession and the right to a hearing to determine whether the confession was voluntary.  The trial court is the sole fact-finder in a *Jackson v. Denno* hearing and may choose to believe or disbelieve any or all of the witness testimony.  The trial court's decision is measured by an abuse of discretion, and we are not at liberty to disturb any finding that is supported by the record.

16

The trial court made findings of facts and conclusions of law.  According to those findings of fact and conclusions of law, on January 24, 2000, [petitioner] was arrested and taken to an interview room and was given his statutory warnings pursuant to [state law].  [Petitioner] signed a statement indicating that he understood his rights; he waived those rights and agreed to speak with Detective Craft and Detective Jones.  [Petitioner] spoke to the detectives for awhile and then told them that he no longer wished to talk to the detectives and requested an attorney.  Upon [petitioner's] request for an attorney, Detective Craft and Detective Jones stopped talking to [petitioner].

On January 27, 2000, [petitioner's father] told Detective Craft that he had just visited his son in Harris County jail and [petitioner] wished to talk to the police.  Craft informed [petitioner's] father that [petitioner] had requested an attorney a few days earlier and he could not speak to [petitioner] unless he waived his right to an attorney.  [The father] explained to the detective that his son had asked him to call Craft because he had some information and wanted to speak to him.  Craft told [him] that he would go see [petitioner] the next day.

On January 28, 2000, Detective Craft and Detective Pettigrew went to speak to [petitioner] and said, 'I understand you want to talk to me.'  [Petitioner] responded that he did want to speak to the detectives.  Craft went over [petitioner's] statutory rights and informed [him] that he could not speak with him until he waived his right to an attorney.  The detectives did not get a written waiver.  [Petitioner] waived his rights and told the detectives where the victim's wallet was located.  [Petitioner] drew a map of the location of the wallet and explained to the detectives how he knew its location.

[Petitioner] argues that he did not confess of his own free will.  Specifically, [he] claims that, because he was extremely upset and crying during the interrogation, he did not 'voluntarily, knowingly, and intelligently' give his statements.  [Petitioner] argues that he told the police he had been having nightmares and could not eat or sleep and also emphasizes that he only has a ninth grade education.  Because the trial court is the sole fact-finder and the record supports the trial court's conclusions, we hold the trial court did not abuse its discretion in denying [petitioner's] motion to suppress.  We overrule [petitioner's] second point of error.  Because [petitioner's] third and fourth points of error rely on the premise that his statement was coerced and involuntary, we find that the wallet and the map were properly admitted.  Accordingly, we overrule [the] third and fourth points of error.

17

*Ex parte Marshall*, pp. 80-83 (citations omitted).

Having independently reviewed the same evidence that was before the petitioner's trial court at the *Jackson v. Denno* hearing, this Court concludes the state court's findings on direct appeal are fully supported by the record, and were neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The state court identified the correct federal constitutional legal standard and applied same in a clearly reasonable manner. Nor has petitioner rebutted the presumption of correctness in favor of the state court's determinations with clear and convincing evidence. For the foregoing reasons, petitioner's arguments under this ground do not warrant federal habeas relief.

## VIII.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas proceeding will not issue unless the petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, where claims have been dismissed on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* On the other hand, if the denial of relief is based on procedural grounds, the petitioner must show not only that jurists of reason

18

would find it debatable whether the petition states a valid claim of the denial of a constitutional right, but also that they would find it debatable whether the district court was correct in its procedural ruling. *Id*.

Because the issues presented involve clearly settled areas of law, the Court concludes that jurists of reason would not debate whether the substantive or procedural rulings in this case were correct. Accordingly, a certificate of appealability will not issue in this case.

## IX.   CONCLUSION

Accordingly, the Court ORDERS as follows:

1.   Respondent's motion for summary judgment (Docket Entry No. 17) is GRANTED.

2.   Petitioner's cross-motion for partial summary judgment (Docket Entry No. 21) is DENIED.

3.   Petitioner's motion for discovery (Docket Entry No. 20) is DENIED.

4.   The petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

5.   The motion for preliminary injunction filed by Tracey Murphy (Docket Entries No. 30, 31) is DENIED, without prejudice.

6.   This habeas cause of action is DISMISSED with prejudice.

7.   A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on this 29th day of June, 2005.

_____
DAVID HITTNER
United States District Judge

19